Matthew H. Wood (13898)
THE LAW OFFICES OF MATTHEW H. WOOD
2517 N. Apricot Pl.
Saratoga Springs, Utah 84045
Telephone: (801) 657-1109
Email: matthew@matthewhwoodlaw.com

*Attorneys for Defendant Jane Ellen Ackerman*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| **ANDREW ACKERMAN**, | Case No. 2:20-cv-00267 DK |
| Plaintiff, | **ANSWER TO COMPLAINT AND COUNTERCLAIM** |
| v. | Judge Dale A. Kimball |
| **JANE ELLEN ACKERMAN**, | |
| Defendant. | |

Defendant Jane Ellen Ackerman ("Defendant") by and through her counsel of record,

answers Plaintiff's Complaint as follows:

### ADMISSIONS AND DENIALS

1.      The allegations of Paragraph 1 call for legal conclusions, so no response is

required.  To the extent a response is required, Defendant denies.

2.      The allegations of Paragraph 2 call for legal conclusions, so no response is

required.  To the extent a response is required, Defendant denies.

3.      The allegations of Paragraph 3 call for legal conclusions, so no response is

required.  To the extent a response is required, Defendant denies.

4.      Defendant admits the allegations of Paragraph 4.

5.      The allegations of Paragraph 5 call for legal conclusions, so no response is required.  To the extent a response is required, Defendant denies.

6.      The allegations of Paragraph 6 call for legal conclusions, so no response is required.  To the extent a response is required, Defendant stipulates to the exercise of specific personal jurisdiction by this Court.

7.      The allegations of Paragraph 7 call for legal conclusions, so no response is required.  To the extent a response is required, Defendant stipulates to jurisdiction in this Court.

8.      Defendant denies the allegations in Paragraph 8.

9.      Defendant denies the allegations in Paragraph 9.

10.     Defendant admits the allegations in Paragraph 10.

11.     Defendant admits the allegations in Paragraph 11.

12.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 12 and on that basis denies the same.

13.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 13 and on that basis denies the same.

14.     Defendant denies the allegations in Paragraph 14.

15.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 15 and on that basis denies the same.

16.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 16 and on that basis denies the same.

17.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 17 and on that basis denies the same.

18.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 18 and on that basis denies the same.

19.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 19 and on that basis denies the same.

20.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 20 and on that basis denies the same.

21.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 21 and on that basis denies the same.

22.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 22 and on that basis denies the same.

23.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 23 and on that basis denies the same.

24.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 24 and on that basis denies the same.

25.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 25 and on that basis denies the same.

26.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 26 and on that basis denies the same.

27.     Defendant denies the allegations in Paragraph 27.

28.     Defendant denies the allegations in Paragraph 28.

29.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 29 and on that basis denies the same.

30.     Defendant denies the allegations in Paragraph 30.

31.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 31 and on that basis denies the same.

32.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 32 and on that basis denies the same.

33.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 33 and on that basis denies the same.

34.     Defendant denies the allegations in Paragraph 34.

35.     Defendant denies manipulating the Parties' father.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 35 and on that basis denies the same.

36.     Defendant denies the allegations in Paragraph 36.

37.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 37 and on that basis denies the same.

38.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 38 and on that basis denies the same.

39.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 39 and on that basis denies the same.

40.     Defendant denies the allegations in Paragraph 40.

41.     Defendant denies the allegations in Paragraph 41.

42.     Defendant denies the allegations in Paragraph 42.

43.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 43 and on that basis denies the same.

44.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 44 and on that basis denies the same.

45.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 45 and on that basis denies the same.

46.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 46 and on that basis denies the same.

47.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 47 and on that basis denies the same.

48.      Defendant denies the allegations in Paragraph 48.  Defendant affirmatively alleges Plaintiff has engaged in prolonged abuse of Defendant.  Due to Plaintiff's abuse, Defendant enrolled in the Colorado Address Confidentiality Program ("ACP") on November 4, 2020.  The ACP provides a substitute legal address for victims of domestic violence, sexual offenses, and stalking.

49.      Defendant admits she has a Facebook page.  She further admits she posts information to her Facebook page from time to time.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 49 and on that basis denies the same. Defendant affirmatively alleges that she blocked Plaintiff from accessing her Facebook page. Defendant affirmatively alleges that Plaintiff could access her Facebook page only by unlawfully accessing it pursuant to Utah Code Ann. § 76-6-703.

50.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 50 and on that basis denies the same.

51.     Defendant denies she identified Plaintiff in a Facebook post.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 51 and on that basis denies the same.

52.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 52 and on that basis denies the same.

53.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 53 and on that basis denies the same.

54.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 54 and on that basis denies the same.

55.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 55 and on that basis denies the same.

56.     Defendant denies the allegations in Paragraph 56.

57.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 57 and on that basis denies the same.

58.     Defendant denies the allegations in Paragraph 58.

59.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 59 and on that basis denies the same.

60.     Defendant denies the allegations in Paragraph 60.

61.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 61 and on that basis denies the same.

62.     Defendant denies she has made false statements about Plaintiff.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 62 and on that basis denies the same.

63.     The allegations of Paragraph 63 call for legal conclusions, so no response is required.  To the extent a response is required, Defendant denies.

64.     Defendant denies she has made false statements about Plaintiff.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 64 and on that basis denies the same.

65.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 65 and on that basis denies the same.  Defendant affirmatively alleges she is protected from contact with Plaintiff under the ACP.

66.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 66 and on that basis denies the same.  Defendant affirmatively alleges she is protected from contact with Plaintiff under the ACP.

67.     Defendant denies the allegations in Paragraph 67.

68.     Defendant denies the allegations in Paragraph 68.

69.     Defendant denies the allegations in Paragraph 69.

70.     The allegations in Paragraph 70 are not directed at Defendant, so no response is required.  To the extent a response is required, Defendant denies.

71.     Defendant denies the allegations in Paragraph 71.

72.     Defendant denies the allegations in Paragraph 72.

73.     Defendant incorporates her answers to all the preceding paragraphs of this Answer by reference as though fully set forth herein.

74.     Defendant admits she has a Facebook page.  She further admits she posts information to her Facebook page from time to time.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 74 and on that basis denies the same. Defendant affirmatively alleges that she blocked Plaintiff from accessing her Facebook page. Defendant affirmatively alleges that Plaintiff could access her Facebook page only by unlawfully accessing it pursuant to Utah Code Ann. § 76-6-703.

75.     Defendant denies the allegations in Paragraph 75.

76.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 76 and on that basis denies the same.

77.     Defendant denies the allegations in Paragraph 77.

78.     Defendant denies the allegations in Paragraph 78.

79.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 79 and on that basis denies the same.

80.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 80 and on that basis denies the same.

81.     Defendant denies the allegations in Paragraph 81.

82.     Defendant denies the allegations in Paragraph 82.

83.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 83 and on that basis denies the same.

84.     Defendant denies the allegations in Paragraph 84.

85.     The allegations of Paragraph 85 call for legal conclusions, so no response is required.  To the extent a response is required, Defendant denies.

86.     Defendant denies the allegations in Paragraph 86.

87.     The allegations of Paragraph 87 call for legal conclusions, so no response is required.  To the extent a response is required, Defendant denies.

88.     The allegations of Paragraph 88 call for legal conclusions, so no response is required.  To the extent a response is required, Defendant denies.

89.     The allegations of Paragraph 89 call for legal conclusions, so no response is required.  To the extent a response is required, Defendant denies.

90.     Defendant denies the allegations in Paragraph 90.

91.     Defendant denies the allegations in Paragraph 91.

92.     Defendant denies the allegations in Paragraph 92.

93.     The allegations of Paragraph 93 call for legal conclusions, so no response is required.  To the extent a response is required, Defendant denies.

94.     The allegations of Paragraph 94 call for legal conclusions, so no response is required.  To the extent a response is required, Defendant denies.

95.     The allegations of Paragraph 95 call for legal conclusions, so no response is required.  To the extent a response is required, Defendant denies.

96.     The allegations of Paragraph 96 call for legal conclusions, so no response is required.  To the extent a response is required, Defendant denies.

97.     Defendant incorporates her answers to all the preceding paragraphs of this Answer by reference as though fully set forth herein.

98.     Defendant admits she has a Facebook page.  She further admits she posts information to her Facebook page from time to time.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 98 and on that basis denies the same. Defendant affirmatively alleges that she blocked Plaintiff from accessing her Facebook page. Defendant affirmatively alleges that Plaintiff could access her Facebook page only by unlawfully accessing it pursuant to Utah Code Ann. § 76-6-703.

99.     Defendant denies the allegations in Paragraph 99.

100.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 100 and on that basis denies the same.

101.    Defendant denies the allegations in Paragraph 101.

102.    Defendant denies the allegations in Paragraph 102.

103.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 103 and on that basis denies the same.

104.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 104 and on that basis denies the same.

105.    Defendant denies the allegations in Paragraph 105.

106.    Defendant denies the allegations in Paragraph 106.

107.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 107 and on that basis denies the same.

108.    Defendant denies the allegations in Paragraph 108.

109.    The allegations of Paragraph 109 call for legal conclusions, so no response is required.  To the extent a response is required, Defendant denies.

110.    Defendant denies the allegations in Paragraph 110.

111.    Defendant denies the allegations in Paragraph 111.

112.    The allegations of Paragraph 112 call for legal conclusions, so no response is required.  To the extent a response is required, Defendant denies.

113.    The allegations of Paragraph 113 call for legal conclusions, so no response is required.  To the extent a response is required, Defendant denies.

114.    Defendant denies the allegations in Paragraph 114.

115.    Defendant denies the allegations in Paragraph 115.

116.    The allegations of Paragraph 116 call for legal conclusions, so no response is required.  To the extent a response is required, Defendant denies.

117.    The allegations of Paragraph 117 call for legal conclusions, so no response is required.  To the extent a response is required, Defendant denies.

118.    The allegations of Paragraph 118 call for legal conclusions, so no response is required.  To the extent a response is required, Defendant denies.

119.    Defendant denies the allegations in Paragraph 119.

120.    Defendant incorporates her answers to all the preceding paragraphs of this Answer by reference as though fully set forth herein.

121.    The allegations of Paragraph 121 call for legal conclusions, so no response is required.  To the extent a response is required, Defendant denies.

122.    Defendant denies the allegations in Paragraph 122.

123.    Defendant denies the allegations in Paragraph 123.

124.    Defendant denies the allegations in Paragraph 124.

125.    Defendant denies the allegations in Paragraph 125.

126.    Defendant denies the allegations in Paragraph 126.

127.    Defendant denies the allegations in Paragraph 127.

128.    Defendant denies the allegations in Paragraph 128.

129.    Defendant incorporates her answers to all the preceding paragraphs of this

Answer by reference as though fully set forth herein.

130.    Defendant denies the allegations in Paragraph 130.

131.    Defendant denies the allegations in Paragraph 131.

132.    Defendant denies the allegations in Paragraph 132.

133.    Defendant denies the allegations in Paragraph 133.

134.    Defendant denies the allegations in Paragraph 134.

135.    Defendant denies the allegations in Paragraph 135.

136.    Defendant denies the allegations in Paragraph 136.

137.    Defendant denies the allegations in Paragraph 137.

138.    Defendant denies the allegations in Paragraph 138.

139.    Defendant denies the allegations in Paragraph 139.

140.    Defendant incorporates her answers to all the preceding paragraphs of this

Answer by reference as though fully set forth herein.

141.    Defendant denies the allegations in Paragraph 141.

142.    Defendant denies the allegations in Paragraph 142.

143.    Defendant denies the allegations in Paragraph 143.

144.    Defendant denies the allegations in Paragraph 144.

145.     Defendant denies the allegations in Paragraph 145.

146.     Defendant denies the allegations in Paragraph 146.

147.     Defendant denies the allegations in Paragraph 147.

148.     Defendant denies the allegations in Paragraph 148.

## DENIAL OF ALL REQUESTS FOR RELIEF

All requests for relief by Plaintiff should be denied by the Court.

## NO IMPLIED ADMISSION

Defendant denies all allegations not expressly admitted herein.  Defendant does not intend to make any admission by implication or omission in this Answer.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to allege a cause of action for which relief may be granted.

2.     Defendant's statements that are the subject of this case are true; therefore, Plaintiff's claims fail.

3.     Defendant's statements that are the subject of this case are subject to absolute and/or qualified privilege.

4.     Defendant's statements that are the subject of this case are a fair comment on matters of public interest and are therefore not defamatory as alleged.

5.     Plaintiff has a poor reputation and therefore suffers no damage due to Defendant's allegedly defamatory statements.

6.     Plaintiff's claims for conversion are barred by the Trustor's intentional and specific disinheritance of Plaintiff in The Albert Ackerman Trust.

7.     Plaintiff's claims against Defendant arising from or related to The Albert Ackerman Trust are barred by his failure to object under California Probate Code § 16061.8.

8.     Plaintiff's claims are barred to the extent he waived such claims.

9.     Plaintiff's claims are barred by the doctrine of unclean hands.

10.    Plaintiff's claims are barred by the doctrine of laches.

11.    Plaintiff's claims are barred by the doctrines of *res judicata*, equitable estoppel, collateral estoppel, and issue preclusion.

12.    Plaintiff's claims are barred by the doctrine of unconscionability.

13.    As a matter of law, punitive damages may not be awarded in this case because any outrageous and malicious conduct, if any, is expressly denied, and this case is not an "exceptional" case.

14.    The Sixth Amendment to the United States Constitution, and Article I, Section 10 of the Constitution of Utah, prohibit any award of punitive damages unless there is a unanimous verdict.

15.    Punitive damages are barred by the Due Process Clause of the Fifth Amendment to the United States Constitution and by Article I, Section 7 of the Constitution of Utah.

16.    Punitive damages are barred by the Cruel and Unusual Punishment Clause, and the Excessive Fines Clause, of the Eighth Amendment to the United States Constitution.

17.    Punitive damages are barred by the right against self-incrimination provided by the Fifth Amendment of the United States Constitution and Article I, Section 12 of the Constitution of Utah.

18.     Punitive damages are barred by the Cruel and Unusual Punishment Clause, and the Excessive Fines Clause, of the Eighth Amendment to the United States Constitution and by Article I, Section 9 of the Constitution of Utah.

19.     Punitive damages are barred by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

20.     Punitive damages have an unacceptable "chilling effect" on the open courts clause of Article I, Section 11 of the Constitution of Utah and, therefore, deny due process and are barred.

21.     Plaintiff must prove each and every element of a punitive damage award by clear and convincing evidence.

22.     Defendant affirmatively asserts that she has been required to obtain counsel to represent her against the claims alleged by Plaintiff and is therefore entitled to her reasonable attorney fees and costs incurred herein pursuant to Utah Code Ann. § 78B-5-825 because Plaintiff's claims are filed in extreme bad faith and without merit.

## COUNTERCLAIM

1.     On October 24, 2017, the Parties' father executed The Albert Ackerman Trust (the "Trust") with Albert Ackerman, Trustor, serving as Trustee during his lifetime and Dong Wang to act as successor Trustee upon Albert Ackerman's death.

2.     The Trustor, Albert Ackerman, "intentionally and specifically disinherited his son," Plaintiff in this case.

3.     Albert Ackerman died on July 16, 2019.

4.      On July 19, 2019, counsel for Dong Wang, successor Trustee, served Notice of Trustee on the beneficiaries of the Trust, including Plaintiff.

5.      The Notice of Trustee informed Plaintiff he had 120 days to contest the Trust.

6.      Upon information and belief, Plaintiff failed to contest the Trust within the 120-day period.

7.      Pursuant to the terms of the Trust, Defendant inherited the contents of two storage units in Duarte, California from her father.

8.      In July 2020, Defendant travelled to Duarte, California to transfer the contents of the storage units to her home in Colorado.

9.      Defendant found the lock on the storage units had been changed, storage units ransacked, and many items removed without her knowledge.

10.     Defendant filed a police report (case number 2006-05996) with the Irwindale Police Department.

11.     Defendant reported the theft to the managers of the storage facility, who informed her Plaintiff had rented a storage unit at the facility.

12.     After the Parties' father died, Plaintiff left abusive, threatening messages on Defendant's voicemail.

13.     Plaintiff sent Defendant abusive, threatening text messages in which Plaintiff referred to Defendant as a "delusional c*nt" and a "worthless b*tch."

14.     Plaintiff stated Defendant was "out of [her] f*cking twisted drug addicted mind," that the Parties' father "thought [she] was garbage," and told her he would "be happy to shove [his tax returns] down [her] f*cking throat."

15.    Plaintiff has threatened to kill Defendant on multiple occasions.

16.    Due to Plaintiff's abusive, threatening communications, Defendant blocked Plaintiff from contacting her and sought protection through the ACP.

17.    Plaintiff's behavior after their father's death was a continuation of a pattern of abusive, threatening behavior toward Defendant.

18.    Based on Plaintiff's earlier abusive, threatening toward Defendant, she blocked him from her social media accounts, including Facebook.

19.    Defendant maintains her Facebook page as "private."

20.    There is no image of Defendant associated with her Facebook page.

21.    Her Facebook page is not searchable.

22.    The contents of her Facebook page is blocked from public view.

## COUNT 1— Conversion

23.    Defendant incorporates all previous allegations as if fully set forth herein.

24.    Upon information and belief, Plaintiff willfully and without lawful justification broke into Defendant's storage unit and took Defendant's personal property.

25.    Plaintiff has retained Defendant's personal property despite Defendant's demands that Plaintiff return it to Defendant.

26.    Plaintiff has refused to return the personal property to Defendant.

27.    Plaintiff has deprived Defendant of the use and possession of the personal property he took from the storage unit.

28.    Defendant is entitled to immediate possession and use of the personal property.

29.     Plaintiff's continued possession of the personal property amounts to conversion of such property for which Defendant seeks to recover damages.

### COUNT II—Violation of Utah Code Ann. § 76-9-201 Electronic Communication Harassment

30.     Defendant incorporates all previous allegations as if fully set forth herein.

31.     Plaintiff made repeated contact with Defendant by means of electronic communications.

32.     Plaintiff contacted Defendant by electronic communication with the intent to intimidate, abuse, threaten, harass, and frighten her.

33.     Plaintiff contacted Defendant by electronic communication to threaten to inflict injury, physical harm, and damage to Defendant's property.

34.     Defendant requested and informed Plaintiff stop contacting her.

35.     Despite Defendant's requests, Plaintiff continued to contact Defendant's electronic communication devices.

36.     Plaintiff has caused Defendant to suffer, and Defendant has suffered, emotional and physical harm due to Plaintiff's electronic communication harassment.

### PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully prays that:

1.     Each and every claim of Plaintiff's Complaint be dismissed with prejudice and upon the merits, and judgment be entered in Defendant's favor and against Plaintiff;

2.     For an order from the Court requiring Plaintiff to return Defendant's personal property to Defendant, or in the alternative, judgment against Plaintiff for the value of the personal property as proven at trial;

3.      For judgment against Plaintiff for the loss of use of the personal property;

4.      For judgment against Plaintiff for Defendant's actual and consequential damages;

5.      For judgment against Plaintiff for Defendant's attorney fees pursuant to Utah

Code Ann. § 78B-5-825.

6.      For judgment against Defendants for costs of court and pre-judgment and post-

judgment interest as allowed by law; and

7.      For general damages and other such relief as may be just and equitable.

Dated on this 10th day of November, 2020, by:

THE LAW OFFICES OF MATTHEW H. WOOD


By: */s/ Matthew H. Wood*
        Matthew H. Wood
        *Attorneys for Plaintiff*